**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ABT SYSTEMS, LLC, | : | |
|     Plaintiff | : | |
| | : | No. 1:14-cv-02007 |
|     v. | : | |
| | : | (Judge Kane) |
| RESEARCH PRODUCTS CORP., | : | |
|     Defendant | : | |

<u>MEMORANDUM</u>

Before the Court is Defendant Research Products Corporation's motion for leave to file its Amended Answer, Affirmative Defenses and Counterclaims.  (Doc. No. 49.)  For the following reasons, the Court will grant Defendant's motion.

**I.      BACKGROUND**

This dispute concerns Patent No. 5,547,017 ("the '017 Patent").  (Doc. No. 1 ¶¶ 5-7.) The '017 Patent protects Armin Rudd's invention related to air conditioning and heating systems. (<u>Id.</u>)  On August 20, 2003, Defendant Research Products Corporation ("RPC") licensed the '017 Patent from inventor Armin Rudd, and agreed to pay a royalty on products "falling within the scope of the claims of the '017 Patent" and to mark those products with the '017 Patent number (the "License Agreement").  (Doc. No. 1 ¶¶ 8-9; <u>see</u> Doc. No. 6 ¶¶ 8-9.)  On February 14, 2005, Armin Rudd assigned the Agreement to Plaintiff ABT Systems, LLC.  (Doc. No. 1 ¶ 8; <u>see</u> Doc. No. 6 ¶ 8.)

On October 16, 2014, Plaintiff ABT Systems, LLC ("ABT") filed a complaint against Defendant RPC for breach of contract.  (Doc. No. 1 ¶¶ 15-17.)  Plaintiff ABT alleges that Defendant RPC violated the contract by selling products that fell within the scope of the '017 Patent without paying royalty fees and marking the products with the '017 Patent number.  (<u>Id.</u> ¶¶ 11-17.)  Plaintiff's complaint lists "Model Nos. 8444, 8446, 8448, 8463, 8465, 8466, 8476,

8600, 8620, 8800, 8910 and 4838" as examples of Defendant's products that fall within the scope of the claims of the '017 Patent (together, the "Accused Licensed Products").  (Doc. No. 1 ¶ 11.)

On November 7, 2014, Defendant RPC filed an answer admitting that the License Agreement "is still in effect" and that Defendant did not pay a royalty for or mark the Accused Licensed Products with the '017 Patent number.  (See Doc. Nos. 1 ¶¶ 10-11, 13-14; 6 ¶¶ 10-11, 13-14.)  However, in its answer, Defendant RPC denied that it breached the License Agreement and denied that the Accused Licensed Products fall within the scope of the claims of the '017 Patent.  (Doc. No. 8 ¶¶ 12, 15.)  On March 23, 2015, the Court conducted a case management call with the parties and granted the parties' request for a scheduling order that included briefing on claim construction.  (Doc. No. 21.)

On May 22, 2015, the parties filed their joint disputed claim terms chart.  (Doc. No. 22.) The parties' claim chart focuses on the following language from Claim 1 of the '017 Patent:

> … a recycle control for periodically activating and deactivating only the circulating fan after a preselected time period, since the central air conditioning system has been deactivated, or the circulating fan has been deactivated from the selectable constant fan mode.

(Doc. No. 22.)  The parties addressed three claim terms in their claim chart: (1) "preselected time period;" (2) "recycle control;" and (3) "… since the central air conditioning system has been deactivated, or the circulating fan has been deactivated from the selectable constant fan mode."[1]

(Doc. No. 22; see Doc. No. 25 at 13.)

---

[1] Prior to filing its opening claim construction brief, Plaintiff ABT filed a motion for summary judgment on June 22, 2015, arguing that "undisputed material facts demonstrate that PRC's sale of the Accused [Licensed] Products is a breach of the License Agreement."  (Doc. No. 23 at 1-2.)  This Court denied Plaintiff's motion for summary judgment as premature.  (Doc. No. 46.)  Nonetheless, as the parties disputed whether Plaintiff's summary judgment motion was premature, Plaintiff filed an opening claim construction brief (see Doc. No. 25), Defendant filed

On August 20, 2015, Defendant filed a letter informing this Court of the United States Court of Appeals for the Federal Circuit's recent decision in <u>ABT Systems, LLC v. Emerson Electric Co.</u> (Doc. No. 45), in which the Federal Circuit held "that claims 1-5 of the '017 patent are invalid as a matter of law by reason of obviousness."  797 F.3d 1350, 1362 (Fed. Cir. 2015). In light of the Federal Circuit's <u>Emerson</u> decision, the Court ordered the parties on September 4, 2015 to brief the appropriateness of a claim construction hearing and the significance of the <u>Emerson</u> decision on the above-captioned case.  (<u>See</u> Doc. No. 48.)

However, on October 1, 2015, prior to addressing the import of the <u>Emerson</u> decision, Defendant filed the present motion for leave to file its amended answer, affirmative defenses and counterclaims pursuant to Federal Rule of Civil Procedure 15(a)(2).[2]  (Doc. No. 49.)  Defendant attached a copy of the proposed amended answer to the present motion (Doc. No. 49-1), and filed a brief in support of the present motion (Doc. No. 50).  On October 19, 2015, Plaintiff filed a brief in opposition to the motion for leave to file an amended answer.  (Doc. Nos. 54, 55.)  The present motion is now ripe for disposition.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) instructs courts to freely grant leave to amend a pleading "when justice so requires."  Fed. R. Civ. P. 15(a).  Citing Rule 15(a)'s "liberal pleading philosophy," the United Stated States Court of Appeals for the Third Circuit has held that, "absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless 'denial [can] be grounded in bad faith or dilatory motive, truly undue or unexplained delay*,*

---

a brief in response (Doc. No. 35), and Plaintiff filed a reply in support of its claim construction (Doc. No. 40).
    [2] On October 2, 2015, Defendant filed a brief on the effect of Federal Circuit's <u>Emerson</u> decision, arguing that "because the <u>Emerson</u> case invalidated that claim, [Plaintiff's] lawsuit should be dismissed."  (Doc. No. 52.)  Plaintiff responded to Defendant's brief on October 16, 2015 (Doc. No. 53), and Defendant filed a reply brief thereto on October 30, 2015 (Doc. No. 58).

repeated failure to cure deficiency by amendments previously allowed or futility of amendment.'" <u>Long v. Wilson</u>, 393 F.3d 390, 400 (3d Cir. 2004) (emphasis omitted) (quoting <u>Lundy v. Adamar of New Jersey, Inc.</u>, 34 F.3d 1173, 1196-97 (3d Cir. 1994)).  This "liberal right to amend extends to an answer to the complaint." <u>Id.</u>

## III.   DISCUSSION

Defendant RPC moves the Court for leave to file an amended answer pursuant to Federal Rule of Civil Procedure 15(a)(2).  (Doc. No. 49.)  Stressing the import of the Federal Circuit's <u>Emerson</u> decision, Defendant seeks to (1) amend its original answer; (2) add statute of limitations, laches, equitable estoppel, and patent infringement defenses (Doc. No. 49-3), and (3) "add counterclaims, and an affirmative defense clarifying that [Plaintiff's] 'breach of agreement' allegation fails to state a claim, and that this is a patent-infringement case" (Doc. No. 50 at 2-4). Defendant argues that the proposed amendments would not prejudice Plaintiff because the "case is still at an early procedural stage" and the "parties have proceeded as if this were a normal patent infringement case."  (<u>Id.</u> at 4-5.)

Plaintiff ABT opposes the present motion on three grounds: prejudice, undue delay, and futility of amendment.  As the party opposing the motion to amend, Plaintiff bears the burden of showing prejudice, undue delay, or the futility of amendment.  <u>See</u> <u>Kiser v. Gen. Elec. Corp.</u>, 831 F.2d 423, 428 (3d Cir. 1987) (addressing undue delay); <u>Air Products & Chemicals, Inc. v. Eaton Metal Products Co.</u>, 256 F. Supp. 2d 329, 332 (E.D. Pa. 2003) (addressing undue prejudice).  The Court addresses each of Plaintiff's bases for denying Plaintiff leave to amend in turn.

### A.   Prejudice

First, Plaintiff contends that the amendments would unfairly prejudice Plaintiff because: (1) the parties have "engaged in substantial discovery, including taking each other's corporate Rule 30(b)(6) deposition;" and (2) the amendments would "require entirely new discovery with attendant substantial delay and added expense."  (See Doc. No. 55 at 7, 10-12.)

"[P]rejudice to the non-moving party is the touchstone for the denial of an amendment." Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993) (internal quotations omitted).  The non-moving party may demonstrate prejudice by "show[ing] that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the [moving party's] amendments been timely," Heyl & Patterson Int'l, Inc. v. F. D. Rich Hous. of Virgin Islands, Inc., 663 F.2d 419, 426 (3d Cir. 1981) (internal citation omitted), or that "the delay [otherwise] impaired its ability to [litigate] the suit."  See Arthur v. Maersk, Inc., 434 F.3d 196, 206 (3d Cir. 2006).

Here, Plaintiff has ample opportunity to rebut the amended answer and proposed affirmative defenses.  See Klunder v. Brown Univ., 778 F.3d 24, 35 (1st Cir. 2015).  The Court has not assigned a fact discovery deadline, determined when claim construction discovery shall be completed, or scheduled a claims construction hearing.  Furthermore, as to the merits issues, Plaintiff represented to this Court in a prior brief that "[a]lthough the present case is one for breach of contract (i.e. the License Agreement) and not one for infringement, the same legal analysis applies since [Defendant] would be infringing the Patent without a license."  (Doc. No. 25 at 11.)  Thus, the Court is not persuaded that Plaintiff would face "undue difficulty" or hardship in pursuing its claims against Defendant if the Court were to grant Defendant's motion to amend.

**B.    Undue Delay**

Second, Plaintiff argues that "[t]hese newly added defenses and counterclaims have been known to RPC for the entire case" and that Defendant's motion should be denied due to its "unexplained delay." (Doc. No. 55 at 7, 9-10.) Specifically, Plaintiff claims that Defendant could have pleaded its equitable estoppel, laches, and statute of limitations defenses by early 2015. (See Doc. No. 55 at 10.) "[D]elay alone is an insufficient ground to deny leave to amend." Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001). "The liberality of Rule 15(a) counsels in favor of amendment even when a party has been less than perfect in the preparation and presentation of a case." Arthur, 434 F.3d at 206.

For example, in Arthur v. Maersk, Inc., the Third Circuit remarked that, "[w]ithout discounting the expense involved in litigating a case for eleven months, only one appellate court uncovered in our research has approved of denial of leave to amend based on a delay of less than one year." 434 F.3d at 204 (collecting cases). Here, the parties had been litigating the case for eleven and a one-half months when Defendant filed the present motion. Considering the amount of time the parties have litigated this case and the Federal Circuit's recent Emerson decision, the Court cannot find that Defendant's motion to amend constitutes "bad faith" or "truly undue[,] unexplained delay." Long, 393 F.3d at 400.

### C.    Futility of Amendment

Third, Plaintiff argues that Defendant's "newly-added defenses and counterclaims are largely futile." (Doc. No. 55 at 7.) Defendant replies that Plaintiff's futility argument relies on "disputed facts," is fact-intensive, and presents "legal disputes that are not appropriate for resolution in a motion for leave to amend." (Doc. No. 59 at 8-10.)

 In assessing futility, district courts generally apply "the same standard of legal sufficiency as applies under Federal Rule of Civil Procedure 12(b)(6)." In re NAHC, Inc. Sec.

Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).  In such cases, "futility" typically means that the

complaint, as amended, would fail to state a claim upon which relief could be granted.  Id.

However, because Defendant seeks to amend its answer in the present motion, the Court is

guided by the United States Court of Appeals for the Ninth Circuit's conclusion that a "proposed

amendment is futile only if no set of facts can be proved under the amendment to the pleadings

that would constitute a valid and sufficient … defense."  Miller v. Rykoff-Sexton, Inc., 845 F.2d

209, 214 (9th Cir. 1988); see Hairston-Lash v. R.J.E. Telecom, Inc., No. 00-2070, 2000 WL

1618473, at *2 (E.D. Pa. Oct. 30, 2000) ("Where a party opposes an amendment on the ground

of futility, leave to amend an Answer in order to assert an affirmative defense should be denied

'only if no set of facts can be proved under the amendment to the pleadings that would constitute

a valid and sufficient' defense.").

Here, in its brief in opposition, Plaintiff contends that Defendant cannot prevail: (1) on its

statute of limitations defenses in the case of one line of products – the "8400 Series" products

(Doc. No. 55 at 13); (2) on its laches defense because a Federal Circuit decision found "the

presumption of laches" arises after "delays for more than six years" (id. at 14); its equitable

estoppel defense because Defendant "knew that [Plaintiff] believed all of the Accused Licensed

Products were within the scope of the licensing agreement" (id. at 15); and (4) its invalidity

counterclaim, failure to state a claim defense, and non-infringement counterclaim because the

Federal Circuit's Emerson decision has not changed the "nature of this case" (see id. at 15-19).

The Court is not persuaded that Defendant's proposed amendments would be futile when

reviewed under the liberal standard of Federal Rule of Civil Procedure 15(a).  Miller, 845 F.2d at

241.  Accordingly, the Court will grant Defendant's motion for leave to file its Amended

Answer, Affirmative Defenses and Counterclaims.  (Doc. No. 49.)

7

**IV.      CONCLUSION**

For the reasons stated above, the Court will grant Defendant Research Products Corporation's motion for leave to file its Amended Answer, Affirmative Defenses and Counterclaims.  (Doc. No. 49.)