IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABT SYSTEMS, LLC, | : | |
|     **Plaintiff** | : | |
| | : | No. 1:14-cv-02007 |
|     v. | : | |
| | : | (Judge Kane) |
| RESEARCH PRODUCTS CORP., | : | |
|     **Defendant** | : | |

## MEMORANDUM

Before the Court is Plaintiff ABT Systems, LLC's ("ABT") motion to compel Defendant Research Products Corporation ("RPC") to identify and provide sections of Defendant's source code as well as to respond to ABT Interrogatory No. 4. (See Doc. Nos. 67, 75 at 7.) Also before the Court is Plaintiff's motion for a status conference. (Doc. No. 84.) For the following reasons, the Court will grant in part and deny in part Plaintiff's motion to compel and will grant Plaintiff's motion for a status conference.

## I. BACKGROUND

This dispute concerns Patent No. 5,547,017 ("the '017 Patent"). (Doc. No. 1 ¶¶ 5-7.) The '017 Patent protects Armin Rudd's invention related to air conditioning and heating systems. (Id.) On August 20, 2003, Defendant allegedly licensed the '017 Patent from inventor Armin Rudd, and agreed to pay a royalty on products falling within the scope of the '017 Patent claims and to mark those products with the '017 Patent number (the "License Agreement"). (Doc. No. 1 ¶¶ 8-9.) On February 14, 2005, Armin Rudd purportedly assigned the License Agreement to Plaintiff. (Id. ¶ 8.)

On October 16, 2014, Plaintiff filed a complaint against Defendant for breach of contract. (Doc. No. 1 ¶¶ 15-17.) Plaintiff alleges that Defendant violated the contract by selling products that fell within the scope of the '017 Patent without paying royalty fees or marking the products

1

with the '017 Patent number. (Id. ¶¶ 11-17.) Plaintiff's complaint lists "Model Nos. 8444, 8446, 8448, 8463, 8465, 8466, 8476, 8600, 8620, 8800, 8910 and 4838" as examples of Defendant's products that fall within the scope of the claims of the '017 Patent (together, the "Accused Products"). (Doc. No. 1 ¶ 11.) The Accused Products are thermostats and other products using thermostats that employ "a fan recycling control." (Doc. Nos. 1 ¶ 11; 63 ¶ 11.)

Defendant filed an answer on November 7, 2014 (Doc. No. 6), and filed an amended answer on June 8, 2016 with leave of Court (Doc. Nos. 61-63). In its amended answer, Defendant admits to selling the Accused Products, not paying royalties on the Accused Products, and not marking the Accused Products with the '017 Patent number. (Doc. Nos. 1 ¶¶ 11, 13-14; 63 ¶¶ 11, 13-14.) However, Defendant denies that the Accused Products fall within the scope of the '017 Patent's claims. (Doc. Nos. 1 ¶ 12; 63 ¶ 12.) Defendant denies it breached the License Agreement. (Doc. Nos. 1 ¶ 15; 63 ¶ 15.)

On September 6, 2016, Plaintiff filed the pending motion to compel together with a brief in support thereto. (Doc. Nos. 67, 68.) Defendant filed a brief in opposition on September 20, 2016 (Doc. No. 71), and Plaintiff filed a reply brief on October 7, 2016 (Doc. No. 75). On April 12, 2017, Plaintiff filed a motion requesting a status conference. (Doc. No. 84 at 2.) The pending motions are now ripe for disposition.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 37 addresses the matter of failure to cooperate in discovery or to make disclosures. "Specifically, if a party served with discovery fails to respond adequately, the serving party may file a motion to compel under Rule 37(a)." Hall v. Rhoades, No. 09-1907, 2013 WL 5488747, at *2 (M.D. Pa. Oct. 1, 2013); Fed. R. Civ. P. 37(a)(1), (a)(3).

The scope of discovery is defined by Federal Rule of Civil Procedure 26, which provides as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are 'committed to the sound discretion of the district court.'" Pilchesky v. Deputy U.S. Marshal Barone, No. 14-381, 2016 WL 7118147, at *2 (M.D. Pa. Dec. 7, 2016) (quoting DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974)).

### III. DISCUSSION

#### A. Defendant's Source Code – ABT Interrogatories Nos. 11, 12

Plaintiff moves the Court to compel Defendant to provide and identify the code that reveals whether the Accused Products engage in a "fan recycle-control function with a predetermined off-time." (Doc. No. 67; see Doc. No. 68 at 10.) Defendant maintains that it provided Plaintiff with "all of the applicable computer code" in electronic format. (Doc. No. 71 at 2, 7.)

Specifically, in ABT Interrogatory No. 11, Plaintiff asks Defendant to identify "as to the fan recycling control feature . . . what components are involved and describe the software and hardware involved and their functions and control logic." (Doc. No. 68 at 8-9.) In ABT Interrogatory No. 12, Plaintiff also requests, inter alia, that Defendant:

3

> Identify the software coding (at least by Bates Number and line number) and explain what accounts for the predetermined off-time for each one of the 8400 Series products on which RPC has paid a royalty. Also identify the software coding (at least by Bates Number and line number) and explain what does not account for a predetermined off time for each one of RPC's 8400 Series products on which RPC has refused to pay a royalty.

(Doc. No. 68 at 10.) Plaintiff requests that Defendant identify the specific source code for two reasons. First, Plaintiff seeks to determine whether the Accused Products fall within the scope of the License Agreement. (Doc. No. 68 at 5.) Second, Plaintiff seeks to compare the fan recycle-control function between the Accused Products and the products for which Defendant paid Plaintiff a royalty. (Id. at 5, 7-11; see Doc. No. 75 at 1.)

"[A] producing party may be required to . . . provide navigational tools to understand its source code, but it usually is not required to help[] its adversary prove the adversary's claim or defense." 7 ANNOTATED PATENT DIGEST § 41:63.50; see also Int'l Bus. Machines Corp. v. The Priceline Grp. Inc, No. 15-137, 2016 WL 6305981, at *1 (D. Del. Sept. 29, 2016) ("[W]here a plaintiff has access to the source code and the task of requiring a defendant to sift through its source code to identify accused features would be unduly burdensome, courts have denied [such] requests . . . .") (collecting cases).

For example, in CIF Licensing, LLC v. Agere Systems Inc., Judge Farnan of the United States District Court for the District of Delaware denied a motion to compel defendants to identify "specific sections of [d]efendants' source code that perform specific functions claimed in the patents at issue." No. 07-170, 2009 WL 187823, at *1 (D. Del. Jan. 23, 2009). The defendants in CIF Licensing, LLC produced the entire source code, yet the plaintiff requested that defendants identify particular lines of code. Id. The plaintiff "complained that the source code [d]efendants produced was too vast and complex to provide targeted answers." Id. The defendants responded that they lacked the information requested and that analyzing sections of

4

the source code would require significant amounts of time.  Id. at *2.  The court in CIF Licensing, LLC denied the motion to compel "on the ground that [p]laintiff already has adequate access to the information it seeks, if that information exists."  Id.

Similarly, in Apple Inc. v. Samsung Electronics Co., Magistrate Judge Grewal of the United States District Court for the Northern District of California denied Apple's motion to compel a "complete response" to an interrogatory asking Samsung to "[i]dentify from the Source Code produced … all files that relate to the Accused Features and functionality of the Accused Samsung Products."  No. 12-0630, 2013 WL 1563253, at *1 (N.D. Cal. Apr. 12, 2013).  In that case, Apple argued that "Samsung's production of the source code is so confusing that Samsung should have to connect the source code to the accused features."  Id. at *2.  However, Magistrate Judge Grewal rejected Apple's argument and reasoned as follows:

> Dramatic demonstrations about the volume of documents aside, the court agrees that Apple's request impermissibly requires Samsung to prove Apple's case. Apple has made allegations regarding the features of Samsung's products; Samsung has made source code available for Apple to evaluate how those features operate. Samsung has no obligation to search its source code to extract the portions it thinks Apple thinks infringe—doing so in fact would lead to other problems regarding Samsung defining the scope of Apple's case.
>
> To the extent that what Apple seeks are navigational tools to aid in its evaluation of Samsung's code, Apple may be entitled to that kind of information. But Apple did not request navigational tools or seek to depose a 30(b)(6) witness familiar with the organization of Samsung's code. Instead, it sought to have Samsung match its source code to Apple's contentions.

Id.  In denying the motion to compel, the court found Apple's request for a "complete response" to be "unduly burdensome to Samsung and outside of its obligations."  Id.

Decisions from the United States District Court for the Southern District of California and the United States District Court for the Eastern District of Texas have stressed the burden a plaintiff faces in understanding a defendant's requested products and source code.  See, e.g., Facedouble, Inc. v. Face.com, Inc., No. 12-1584, 2014 WL 585868 (S.D. Cal. Feb. 13, 2014)

5

("Plaintiff bears a substantially greater burden in determining how Defendant's software works by examining Defendant's source code than does Defendant."); Pers. Audio, LLC v. Apple, Inc., No. 09-111, 2010 WL 9499679, at *3 (E.D. Tex. June 1, 2010) ("Even assuming Personal Audio has the same access to source code that Apple does, Apple, as the owner and producer of the accused products, remains in a better position to answer these interrogatories."); Laserdynamics, Inc. v. Asus Computer Int'l, No. 06-348, 2009 WL 153161, at *2 (E.D. Tex. Jan. 21, 2009).

For example, in Audatex North America Inc. v. Mitchell International, Inc., a plaintiff filed a motion to compel a defendant to "provide source code citations" after the defendant produced portions of the source code, albeit without explanations as to particular functions or source code files. No. 13-1523, 2014 WL 4961437, *1, *5 (S.D. Cal. Oct. 3, 2014). The Audatex court granted the motion to compel and, in doing so, rejected the argument that the source code requests imposed an undue burden on the defendant. The Audatex court reasoned that (1) the source code information "involves the accused infringer's non-infringement contentions" covering three patents-in-suit; and (2) the defendant's engineers are "better equipped to provide the requested information." Id. at *1, *5-6, *9 (citations omitted).

Here, Plaintiff ABT does not dispute that Defendant RPC produced "unidentified source code" in "different sets of source documents."[1] (See Doc. No. 75 at 2-3, 5.) However, Plaintiff moves the Court to compel Defendant to identify specific sections of code by Bates number "showing the fan recycle control methodology" or "logic." (Doc. No. 68 at 5, 8-11.) Defendant responds that it does not know what Bates numbers its counsel applied to the computer program documentation. (Doc. No. 71 at 3-4; see Doc. No. 68-4 at 7.)

---

[1] Specifically, Plaintiff stated in its reply brief that Defendant "RPC produced thousands of pages of source code without identifying the products to which they apply or the time periods during which the source code was used." (Doc. No. 75 at 5; but cf. Doc. No. 68 at 9.)

Furthermore, Defendant represents that no one at RPC "know[s] where within the electronic files the specific code ABT is now seeking is located." (Doc. No. 71 at 3.) Defendant maintains that it would need to hire an outside expert or its own engineers to review thousands of lines of code to uncover the requested information. (Id. at 4.) By contrast, Plaintiff submitted under seal a portion of Defendant's source code that Plaintiff had previously identified as concerning the recycle control logic. (Doc. No. 77 at 5, 8-15; see Doc. No. 75 at 2.) The submission includes annotations made by Armin Rudd (id. at 8-15), who also submitted a declaration stating that he can read software code (Doc. No. 75-5 at 2). Under these circumstances, the Court is unpersuaded that Plaintiff faces a substantially greater burden in understanding Defendant's source code given that Defendant maintains it is currently unable to locate the source code Plaintiff requests. (See Doc. No. 71 at 3.)

Therefore, guided by the representations that Plaintiff already has access to the source code and that Defendant does not currently know the specific location of the code Plaintiff has requested (Doc. Nos. 71 at 2, 7; 75 at 5), the Court will deny Plaintiff's motion to compel Defendant to "provide and identify its relevant software and coding showing whether the Accused Products do or do not engage in a fan recycle-control function with a predetermined off-time" (Doc. No. 67 at 1).

B.  **ABT Interrogatory No. 4**[2]

Plaintiff also moves the Court to compel Defendant to fully respond to ABT Interrogatory No. 4. (Doc. No. 68 at 11.) ABT Interrogatory No. 4 asks Defendant to identify:

---

[2] Plaintiff has withdrawn its initial request that the Court compel Defendant RPC to "produce its third opinion referring to the 8400 Series products and any documents relating to it as requested in ABT Document Request Nos. 3, 7 and 9." (Doc. No. 68 at 12-13; see also Doc. No. 71 at 8-9.)

7

> [E]ach person currently or previously employed by or associated with RPC, including consultants, contractors and vendors, who has had material technical input, supervisory responsibility or managerial involvement concerning the products identified in response to Interrogatory No. I and all products on which RPC pays a royalty under the Agreement, and also identify that person's relevant knowledge. (Be sure to identify personnel with responsibility for the creation, development, operation, programming, configuration, analysis, testing, preparation, manufacture, marketing and sale of the products, as well as those knowledgeable concerning the business relationship between RPC and its customers, the management of the controls and the thermostat, air cleaner and dehumidification business areas of RPC; and Persons having knowledge of the '017 Patent and or the technology disclosed in the '017 Patent.)

(Doc. No. 68-7 at 3-4.) Plaintiff requests that Defendant identify the individuals in order to decide whether to depose them. (Doc. No. 75 at 6.) Defendant does not oppose Plaintiff's request regarding ABT Interrogatory No. 4 in its brief in opposition. (Doc. No. 71.) Accordingly, finding the identity of current or previous employees relevant and absent any meaningful argument to the contrary, the Court will grant Plaintiff's motion to compel as to ABT Interrogatory No. 4.

### C. Motion for a status conference

Also pending before this Court is Plaintiff's motion for a status conference. (Doc. No. 84.) Plaintiff has requested a status conference in order to discuss whether oral argument would assist this Court in resolving the motion to compel. (Id. at 2.)

In this Memorandum, the Court has addressed Plaintiff's motion to compel Defendant "to provide and identify its relevant software and coding showing whether the Accused Products do or do not engage in a fan recycle-control function with a predetermined off-time . . . ." (Doc. No. 67 at 1; see Doc. No. 68 at 5.) The motion to compel tracks Interrogatory No. 12's request, inter alia, that Defendant "identify the software coding (at least by Bates Number and line number) and explain what does not account for a predetermined off-time for each one of RPC's

8

8400 Series products on which RPC has refused to pay a royalty." (Doc. Nos. 68 at 10; 70-1 at 11-12.)

However, in its reply brief, Plaintiff moderates its initial demands by requesting that Defendant "identify the product to which the source code applies and the time period during which the source code was used for such product." (Doc. No. 75 at 1) (emphasis added). Rather than continuing to demand the identification of sections of code "showing … a fan recycle-control function," Plaintiff appears to request, in its reply brief, that Defendant identify the source code by product. (Id. at 2.) Plaintiff provides the following request in its reply brief:

> [I]f for some reason RPC's own employees do not have the ability to identify the lines which involve the recycle control, then they can <u>simply produce the entire software code for each product</u> and ABT can identify those areas that involve the recycle control function, as it has already done with the unidentified source code produced by RPC. ABT is not requesting any expert analysis as long as RPC produces the entire code and <u>identifies the product to which it applies by model number</u> and also states the time period during which the source code was used for such product.

(Id. at 5) (emphasis added). Plaintiff reasons that Defendant's "engineers know <u>exactly</u> how to correspond each separate product to the source code used for that product." (Id. at 4) (emphasis in original).

As a general matter, "arguments raised for the first time in a reply brief are forfeited." <u>Cherry v. City of Phila.</u>, 216 F. App'x 205, 209 (3d Cir. 2007) (citing <u>United States v. Pelullo</u>, 399 F.3d 197, 222 (3d Cir. 2005)); <u>see</u> <u>Med. Assur. Co. v. Miller</u>, No. 08-29, 2010 WL 2710607, at *3-4 (N.D. Ind. July 7, 2010). However, upon consideration of Plaintiff's reasserted "necess[ity] to confirm" Defendant's source code, the Court will grant Plaintiff's motion for status conference (Doc. No. 84 at 2), to address the request that Defendant "identify the product to which the source code applies and the time period during which the source code was used for such product" (Doc. No. 75 at 7).

9

## IV. CONCLUSION

For the reasons discussed above, the Court will grant in part and deny in part Plaintiff ABT's motion to compel and will grant Plaintiff's motion for status conference. An Order consistent with this Memorandum follows.